**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

|  |  |
|---|---|
| **MICHAEL DAVIS**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**CHARLOTTE COUNTY BOARD OF COUNTY COMMISSIONERS**,<br><br>Defendant. | **CIVIL ACTION**<br><br>**Case No.  2:26-cv-995**<br><br>**Judge:**<br><br>**Mag. Judge:** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff, MICHAEL DAVIS ("DAVIS" or "Plaintiff"), by and through undersigned counsel, and states the following for his Complaint:

## INTRODUCTION

1. This is an action brought under the Family & Medical Leave Act (FMLA) for (1) interference in violation of the FMLA, and (2) retaliation in violation of the FMLA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331.

1

3. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff worked in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Charlotte County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.04 since Charlotte County is within the Fort Myers Division.

## PARTIES

4. Plaintiff, MICHAEL DAVIS ("DAVIS") is an individual and a resident of Florida who at all material times resided in North Fort Myers, Florida and was employed by the Defendant.

5. Defendant, CHARLOTTE COUNTY BOARD OF COUNTY COMMISSIONERS ("County" or "Defendant") is a political subdivision of the State of Florida responsible for the operation of Charlotte County Fire and EMS. The Defendant was Plaintiff's employer and employs well in excess of 50 employees.

## GENERAL ALLEGATIONS

6. DAVIS began his employment with the Defendant on or about 2008 and was employed with Charlotte County Fire and EMS, ultimately promoted to Deputy Chief, a position he held from 2017 until his termination.

7. DAVIS performed his assigned duties in a professional manner and was very well qualified for his position, as evidenced by his four promotions and consistently positive performance reviews throughout his tenure.

8. DAVIS suffers from serious health conditions, specifically Post-Traumatic Stress Disorder (PTSD), prolonged grief disorder, Attention Deficit Disorder (ADD), general anxiety disorder, and substance abuse disorder, all of which are chronic conditions requiring ongoing treatment and care.

9. Due to the severity of his serious health conditions, DAVIS required inpatient treatment at a specialized facility to receive intensive medical care and treatment.

10.     On or about December 25, 2024, DAVIS began FMLA leave to enter an inpatient treatment facility for his serious health conditions, where he remained for over 40 days receiving necessary medical treatment.

11.     DAVIS properly requested and was granted FMLA leave by the Defendant for his serious health conditions requiring inpatient hospitalization and treatment.

12.     The Defendant was aware that DAVIS was exercising his rights under the FMLA and taking federally-protected medical leave for his serious health conditions.

13.     DAVIS completed his inpatient treatment and was prepared to return to work in March 2025 following his FMLA leave.

14.     On the same day DAVIS returned from FMLA leave in March 2025, the Defendant terminated DAVIS's employment.

15.     Prior to his FMLA leave, DAVIS had no disciplinary issues that would warrant termination, having received consistently positive performance reviews and four promotions during his tenure with the Defendant.

16.     The Defendant's decision to terminate DAVIS on the same day he returned from FMLA leave demonstrates the causal connection between DAVIS's protected FMLA leave and his termination.

17.     Because of DAVIS's exercise of his FMLA rights to take medical leave for his serious health conditions, the Defendant terminated DAVIS in violation of his rights under the FMLA.

## COUNT I - VIOLATION OF THE FAMILY MEDICAL LEAVE ACT ("FMLA") – INTERFERENCE

18.     The Plaintiff hereby incorporates by reference Paragraphs 1-17 in this Count by reference as though fully set forth below.

19.     DAVIS qualified for FMLA leave under 29 U.S.C. § 2611(11); 29 CFR §§ 825.113(a); since he was suffering from serious health conditions, DAVIS had worked for more than 1,250 hours in the previous 12 months, the FMLA defining a serious health condition as an illness, injury, impairment, or physical or mental condition that involves treatment by a health care provider.

20.     DAVIS informed the Defendant of his need for medical leave for his serious health conditions requiring inpatient treatment and hospitalization.

21.     The Defendant granted DAVIS FMLA leave and was aware that DAVIS was exercising his rights under the FMLA.

22.     DAVIS engaged in activity protected by the FMLA when he requested and took leave for his serious health conditions requiring inpatient medical treatment.

23.     The Defendant knew that DAVIS was exercising his rights under the FMLA and was aware of DAVIS's FMLA-protected absence.

24.     DAVIS complied with all of the notice and due diligence requirements of the FMLA by properly requesting and obtaining FMLA leave for his serious health conditions.

25.     The Defendant was obligated, but failed, to maintain DAVIS's employment or provide him the option to return to his former position or an equivalent position with the same pay, benefits, and working conditions under 29 U.S.C. § 2614(a)(1); 29 CFR § 825.215(a).

26.     Instead, the Defendant terminated DAVIS on the same day he returned from FMLA leave, denying him the right to return to his position as required by the FMLA.

27.     A causal connection exists between DAVIS's exercise of his FMLA-protected leave and his termination from employment with the Defendant because the Defendant terminated DAVIS immediately upon his return from FMLA leave and denied DAVIS a benefit to which he was entitled under the FMLA.

28.     As a result of the above-described violations of FMLA, DAVIS has been damaged by the Defendant in the nature of lost wages, salary, employment benefits and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and liquidated damages.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, an award of damages for lost wages and benefits, prejudgment interest, and liquidated damages under 29 U.S.C. § 2617(a)(1)(A), reinstatement or such other legal or equitable relief as may be appropriate, and an award of reasonable attorney's fees and costs as authorized under 29 U.S.C. § 2617(3), and any other such damages as this honorable Court deems just.

## COUNT II - VIOLATION OF THE FAMILY & MEDICAL LEAVE ACT ("FMLA") – RETALIATION

29.     The Plaintiff hereby incorporates by reference Paragraphs 1-17 in this Count by reference as though fully set forth below.

6

30.     DAVIS qualified for FMLA leave under 29 U.S.C. § 2611(11); 29 CFR §§ 825.113(a); since he was suffering from serious health conditions, DAVIS had worked for more than 1,250 hours in the previous 12 months, the FMLA defining a serious health condition as an illness, injury, impairment, or physical or mental condition that involves treatment by a health care provider.

31.     DAVIS informed the Defendant of his need for medical leave for his serious health conditions requiring inpatient treatment and hospitalization.

32.     The Defendant granted DAVIS FMLA leave and was aware that DAVIS was exercising his rights under the FMLA.

33.     DAVIS engaged in activity protected by the FMLA when he requested and took leave for his serious health conditions requiring inpatient medical treatment.

34.     The Defendant knew that DAVIS was exercising his rights under the FMLA and was aware of DAVIS's FMLA-protected absence.

35.     DAVIS complied with all of the notice and due diligence requirements of the FMLA by properly requesting and obtaining FMLA leave for his serious health conditions.

36.     A causal connection exists between DAVIS's exercise of his FMLA-protected leave and his termination from employment with the Defendant.

37.     The Defendant retaliated by altering the terms and conditions of DAVIS's employment by terminating DAVIS on the same day he returned from FMLA leave because he engaged in the statutorily protected activity of requesting and taking FMLA leave.

38.     The temporal proximity between DAVIS's return from FMLA leave and his termination on the same day establishes a causal connection between the protected activity and the adverse employment action.

39.     As a result of the above-described violations of FMLA, DAVIS has been damaged by the Defendant in the nature of lost wages, salary, employment benefits and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and liquidated damages.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, an award of damages for lost wages and benefits, prejudgment interest, and liquidated damages under 29 U.S.C. § 2617(a)(1)(A), reinstatement or such other legal or equitable relief as may be appropriate, and an award of reasonable attorney's fees and costs as authorized under 29 U.S.C. § 2617(3), and any other such damages as this honorable Court deems just.

## <u>DEMAND FOR JURY TRIAL</u>

NOW COMES the Plaintiff, MICHAEL DAVIS, by and through his undersigned attorneys, and demands a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by a jury in this action.

Respectfully submitted,

Dated: April 2, 2026        **/s/ Benjamin H. Yormak**
Benjamin H. Yormak
Florida Bar Number 71272
Lead Counsel for Plaintiff
YORMAK EMPLOYMENT & DISABILITY LAW
27200 Riverview Center Blvd., Suite 109
Bonita Springs, Florida 34134
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com